## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REBBECCA GOODALL,
f/k/a REBBECCA SCHWARTZ,
an individual,

                                        Case No.:

       Plaintiff,

v.

AMERICAN EXPRESS COMPANY,         JURY TRIAL DEMANDED
d/b/a AMERICAN EXPRESS CENTURION
BANK CORPORATION,
a foreign profit corporation,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, REBBECCA GOODALL f/k/a REBBECCA SCHWARTZ (hereinafter, "Plaintiff" or "Goodall"), by and through the undersigned counsel, and hereby sues Defendant, AMERICAN EXPRESS COMPANY d/b/a AMERICAN EXPRESS CENTURION BANK CORPROATION (hereinafter, "AMEX" or "Defendant"), In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein AMEX continually reported objectively false account information to the national credit reporting agencies after Plaintiff disputed the same.

## JURISDICTION, VENUE & PARTIES

2.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well

as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

3.      Defendant is subject to the jurisdiction of this Court as AMEX regularly transacts business in this District, and the events described herein occur in this district.

4.      Venue is proper in this District as the acts and transactions described herein occur in this District.

5.      At all material times herein, Plaintiff is a natural person residing in Pasco County, Florida.

6.      At all material times herein, AMEX is a foreign profit corporation existing under the laws of the State of New York with its principal place of business located at 200 Vesey Street, New York, NY 10285.

7.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

8.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

9.      Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning

on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

10.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

11.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

12.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees.  *Id.* at § o.

## GENERAL ALLEGATIONS

13.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by 15

United States Code, Section 1681a(c).

14.     At all material times herein, AMEX, itself and through its subsidiaries, regularly extends consumer credit—and collects debts associated with the same—to consumers in Pasco County, Florida.

15.     At all material times herein, AMEX is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

16.     At all material times herein, AMEX reports information about Plaintiff's consumer credit card account referenced by account number ending -12009 and account identifier ending 3644 (hereinafter, the "Debt").

17.     At all material times herein, the Debt is consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

18.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19.     All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## FACTUAL ALLEGATIONS

20.     Prior to 2017, Plaintiff fell behind on certain personal financial obligations, including the Debt owed to AMEX.

21.     As a result, AMEX filed a collection lawsuit against Plaintiff in the County Court

of the Sixth Judicial Circuit, in and for Pasco County, Florida (hereinafter, "Collection Lawsuit").

22.     The Collection Lawsuit is referenced by case number 2017-CC-3277.

23.     On or about October 25, 2017, Plaintiff and AMEX negotiated a written, stipulated settlement of the Collection Lawsuit that required Plaintiff to pay a total of $2,250.00 to AMEX in monthly installments (hereinafter, "Stipulated Settlement").

24.     The Stipulated Settlement reduced the amount owed on the Debt to $2,250.00, which required a down payment of $1,250.00 before November 2, 2017 and required monthly payments of $100.00 until paid in full.

25.     Plaintiff paid all amounts required by the Stipulated Settlement, including the last and final payment due under the Stipulated Settlement on or about August 20, 2018.

26.     During the period within which Plaintiff paid all amounts due under the Stipulated Settlement, AMEX reported false information to the national credit reporting agencies.

27.     Namely, despite the terms of the written Stipulated Settlement Agreement, AMEX reported to Experian, Equifax, and TransUnion (hereinafter, the "CRAs") that the Debt was past-due with a balance of over $3,000.00.

28.     Additionally, despite Plaintiff complying with all terms of the Stipulated Settlement Agreement, AMEX also reported that the Debt was "Charged Off" instead of reporting that Plaintiff was paying under a partial payment agreement.

29.     On or about May 2, 2018, Plaintiff disputed the reporting of the Debt by AMEX to the CRAs in writing (hereinafter, "First Dispute').

30.     Plaintiff also sent the First Dispute directly to AMEX and AMEX's collection

attorney agents, Modlin Slinsky, PA.

31.     Each of the CRAs received Plaintiff's First Dispute.

32.     Each of the CRAs communicated Plaintiff's First Dispute to AMEX.

33.     In response to the First Dispute, after conducting a re-investigation, AMEX nonetheless continued reporting false, inaccurate, and incomplete information to the CRAs regarding the Debt.

34.     Notwithstanding Plaintiff's compliance with the written terms of the Stipulated Settlement, AMEX, after receiving the First Dispute (from the CRAs and from Plaintiff directly): continued to report a balance owed of more than $3,000.00; continued to report the Debt as past-due; failed to report Plaintiff's timely Stipulated Settlement payments; and failed to report that Plaintiff was paying under a partial payment agreement.

35.     Plaintiff fully complied with the written terms of the Stipulated Settlement and made her final payment on August 20, 2018.

36.     Notwithstanding Plaintiff's full compliance with the Stipulated Settlement, AMEX continued to report false, inaccurate, and incomplete account information regarding the Debt to the CRAs.

37.     Notwithstanding Plaintiff's full and timely compliance with the written terms of the Stipulated Settlement as of August 20, 2018, AMEX: continued to report a balance owed of more than $3,000.00; continued to report the Debt as past-due; failed to report Plaintiff's timely Stipulated Settlement payments; failed to report that Plaintiff paid under a partial payment agreement; and failed to report the Debt as settled for less than full balance owed.

38.     On or about September 1, 2018, Plaintiff again disputed the reporting of the Debt

by AMEX to the CRAs in writing (hereinafter, "Second Dispute").

39.     Plaintiff also sent the Second Dispute directly to AMEX and AMEX's collection attorney agents, Modlin Slinsky, PA.

40.     Each of the CRAs received Plaintiff's Second Dispute.

41.     Each of the CRAs communicated Plaintiff's Second Dispute to AMEX.

42.     In response to the Second Dispute, after conducting a re-investigation, AMEX nonetheless continued reporting false, inaccurate, and incomplete information to the CRAs regarding the Debt.

43.     Notwithstanding Plaintiff's compliance with the written terms of the Stipulated Settlement, AMEX, after receiving the Second Dispute (from the CRAs and from Plaintiff directly): continued to report a balance owed of more than $3,000.00; failed to report Plaintiff's timely Stipulated Settlement payments; failed to report that Plaintiff fully paid under a partial payment agreement; and failed to report that Plaintiff settled the Debt for less than the full balance.

44.     On or about September 26, 2018, based on Plaintiff's full compliance with the terms of the Stipulated Settlement, AMEX dismissed the Collection Lawsuit with prejudice.

45.     On or about October 3, 2018, Plaintiff again disputed the reporting of the Debt by AMEX to the CRAs in writing (hereinafter, "Third Dispute").

46.     Plaintiff also sent the Third Dispute directly to AMEX and AMEX's collection attorney agents, Modlin Slinsky, PA.

47.     Each of the CRAs received Plaintiff's Third Dispute.

48.     Each of the CRAs communicated Plaintiff's Third Dispute to AMEX.

49.     In response to the Third Dispute, after conducting a re-investigation, AMEX

nonetheless continued reporting false, inaccurate, and incomplete information regarding the Debt.

50. Notably, in response to Plaintiff's Third Dispute, Equifax and TransUnion deleted the Debt/AMEX Account from Plaintiff's credit reports.

51. On the other hand, Experian continued to report the false, inaccurate, and incomplete information provided by AMEX after the Third Dispute.

52. Due to the discrepancy between the Experian reporting versus Equifax and TransUnion's deletion of the account, Equifax and TransUnion likely deleted the account on their own accord based on Plaintiff's Third Dispute (rather than based on a deletion request by AMEX).

53. Notwithstanding Plaintiff's compliance with the written terms of the Stipulated Settlement, AMEX, after receiving the Third Dispute (from the CRAs and from Plaintiff directly): continued to report a balance owed of more than $3,000.00; failed to report Plaintiff's timely Stipulated Settlement payments; failed to report that Plaintiff fully paid under a partial payment agreement; failed to report that Plaintiff settled the Debt for less than the full balance; and falsely reported the AMEX charged/wrote off $5,284.

54. As of the date of the Complaint, AMEX continues to report false, inaccurate, and incomplete information regarding the Debt.

55. Due to AMEX's false, inaccurate, and incomplete reporting of the Debt, Plaintiff has been denied credit by various creditors, including, but not limited to, Comenity Capital Bank, Target Card Services, and Fairway Independent Mortgage Corporation.

56. Additionally, due to AMEX's continued false, inaccurate, and incomplete reporting of the Debt, Plaintiff has refrained from applying for additional types of credit for fear of denial due to AMEX's reporting of the Debt.

57. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter

against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

58.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against AMEX.

59.     As a result of AMEX's actions, Plaintiff has incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions—including a lower balance on a department store credit card.

60.     Additionally, as a result of Defendant's actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that her timely and full compliance with the Stipulated Settlement has been futile.

61.     Plaintiff has further dealt with the stress and anxiety of feeling hopeless, believing she would be denied future credit as a result of AMEX's false, inaccurate, and incomplete reporting of Debt.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)

Plaintiff re-alleges paragraphs one (1) through sixty-one (61) as if fully restated herein and further states as follows:

62.     AMEX is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiffs' disputes, failing to review all relevant information regarding the same, and failing to correctly report the Debt on Plaintiff's credit reports after re-investigating Plaintiffs' disputes.

63.     As described above, despite receiving notice of Plaintiff's disputes from Plaintiff

and the CRAs, AMEX willfully or negligently reported—or both—false, inaccurate, and incomplete credit information regarding the Debt to Experian, Equifax and TransUnion.

64.     After receiving notice of Plaintiff's disputes, AMEX: continued to report a balance owed of more than $3,000.00; failed to report Plaintiff's timely Stipulated Settlement payments; failed to report that Plaintiff fully paid under a partial payment agreement; failed to report that Plaintiff settled the Debt for less than the full balance; and falsely reported the AMEX charged/wrote off $5,284.

65.     AMEX reported and communicated such false, inaccurate, and incomplete information with actual knowledge that Plaintiff fully settled the Debt according to the terms of the Stipulated Settlement.

66.     AMEX's re-investigations were not conducted in good faith.

67.     AMEX's reinvestigations were not conducted reasonably.

68.     AMEX's reinvestigations were not conducted using all information reasonably available to AMEX.

69.     AMEX's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

70.     AMEX's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of AMEX's conduct, Plaintiff

respectfully requests an entry of:

a.      Judgment against AMEX for maximum statutory damages for its violations of the FCRA;

b.      Judgment enjoining Defendant from engaging in further conduct in violation of the FCRA;

c.      Actual damages in an amount to be determined at trial;

d.      Compensatory damages in an amount to be determined at trial;

e.      Punitive damages in an amount to be determined at trial;

f.      An award of attorney's fees and costs; and

g.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant—and demands that Defendant and its affiliates and vendors—safeguard all relevant evidence, paper, electronic documents, or data pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT & ISRINGHAUS, P.A.**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33703
Phone: (813) 563-8466
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
*Counsel for Plaintiff*

11